**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4639**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

       v.

ANTHONY ALSTON,

             Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (4:01-cr-00001-H-1)

Submitted:  January 29, 2009       Decided:  February 17, 2009

Before NIEMEYER, MICHAEL, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Carol Ann Bauer, Morganton, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Alston appeals the district court's revocation of his supervised release and imposition of a 60-month sentence. On appeal, counsel for Alston filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal, but asking the court to review whether Fed. R. Crim. P. 11 should have been applied to Alston's supervised release revocation hearing, whether Alston was deprived of a preliminary hearing or his due process rights under Fed. R. Crim. P. 32.1, and whether Alston received ineffective assistance of counsel. Alston filed a pro se supplemental brief in which he raised a number of additional claims regarding ineffective assistance of counsel. Finding no error, we affirm.

Alston claims that he was denied his due process rights during his supervised release revocation hearing, asserting the district court did not provide procedural safeguards pursuant to Rule 11 or satisfy the requirements of Rule 32.1. However, Rule 11 is not applicable to revocation hearings; given the "flexible, informal nature of the revocation hearing . . . the full panoply of procedural safeguards associated with a criminal trial" are not required. <u>Black v. Romano</u>, 471 U.S. 606, 613 (1985). While Alston also contends the district court violated Rule 32.1, there is no evidence in

2

the record to support this claim. Alston was provided with written notice of the alleged violations, a hearing at which witnesses were called and made available for cross-examination, and the opportunity to make a statement and present information in his defense. Alston was also represented by counsel and permitted to subpoena witnesses. While Alston contends that he was denied a preliminary hearing, the record clearly indicates that Alston received a preliminary hearing on May 20, 2008, at which time the magistrate judge ordered that Alston remain in custody. Because there is no evidence in the record demonstrating that the procedural requirements pursuant to Rule 32.1 were not satisfied, we find this claim is without merit.

Alston next claims that he received ineffective assistance of counsel. However, unless the record conclusively demonstrates ineffective assistance, such claims should be raised in a 28 U.S.C. § 2255 (2006) motion rather than on direct appeal. See United States v. King, 119 F.3d 290, 295 (4th Cir. 1997). Claims of ineffective assistance of counsel cannot be fairly adjudicated on direct appeal when the appellant has not raised the issue before the district court and there is no statement from counsel on the record. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Because the existing record fails to conclusively support any of Alston's allegations

3

of ineffective assistance, such claims must be raised as part of a § 2255 motion rather than on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>